IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30105 |
| | ) | |
| LARRY BUTLER, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Defendant's Motion to Suppress Evidence Seized Pursuant to a Warrant (d/e 6) (Motion). For the reasons set forth below, the Motion is DENIED. The Defendant's request for a hearing is also DENIED.

STATEMENT OF FACTS

On February 10, 2004, Pike County, Illinois, Sheriff Paul Petty filed a verified Complaint for Search Warrant (Complaint) to search Defendant Larry Butler's residence located in rural Brown County, Illinois. Motion, Exhibit A, Complaint. The Complaint asked for a warrant to search:

The property and persons of Larry Butler and his residence

1

> described as brown single story home with unattached garage. That the residence sits in the rural area of Brown County just south west of Mt. Sterling. That the residence can be driven to by taking the oil and chipped road directly west of the Mt. Sterling Illinois Department of Corrections Prison sight . . . .

Id. at 1. The Complaint then set forth detailed directions to Butler's residence and included a map with the route highlighted. The Complaint sought authority to seize a, ".22 caliber single shot rifle, .22 caliber shells and bullets and proof of residency." Id.

The Complaint then contained Petty's affidavit in support of the requested warrant. Petty stated that on January 1, 2004, Frank Dehart of Griggsville, Illinois, reported the theft of a .22 caliber single shot rifle. Also, on January 1, 2004, Trent Conkright of Griggsville reported the theft of a CD player and CB radio. On February 10, 2004, a juvenile admitted that he participated in these thefts with Josh Taylor of New Salem, Illinois. The juvenile said that Taylor took the rifle. On February 10, 2004, Taylor admitted to the theft of the CD player and CB radio, but he claimed that the juvenile took the rifle.

Petty then stated:

> 9. That within the past 3 days, I spoke to a confidential source who indicated that the .22 caliber rifle stolen from Dehart was at Larry Butler's residence in rural Mt. Sterling.

2

> That he knows Butler use to live in Perry, IL, Pike County and he knows the rifle was left at Butler's former residence site and was removed by Butler to his residence. That the c/s has observed the firearm within the confines of Butlers [sic] residence. The c/s indicated that the residents at Butler's home are extremely violent and he knows there are a large amount of weapons on the property.
>
> 10. That this officer along with Inspector Frazier of the West Central Illinois Drug Task Force have received information in the past year that methamphetamine has been cooked at the residence of Larry Butler and that while cooking said drug, individuals have been assigned as look outs and are armed with firearms.
>
> 11. That the c/s providing information in this investigation has proven himself credible in that he has provided other information involving felony activity which has been validated by law enforcement reports, previous investigations, and other confidential information we have received. That his information has lead [sic] to the conclusion of active investigations.

Complaint at 2. The Complaint was signed under oath and dated February 10, 2004.

Based on the Complaint, Judge Diane Lagoski issued a warrant on February 10, 2004 (Warrant), to search "[t]he property and persons of Larry Butler and his residence described as a brown single story home with unattached garage." Motion, Exhibit B, Search Warrant. The Search Warrant also then set forth the detailed directions to Butler's residence contained in the Complaint. The Warrant directed the officers to seize a

".22 caliber single shot rifle, .22 caliber shells and bullets, and proof of residency." Id. The Warrant stated that these items "have been used in the commission of, or which constitute evidence of the offense of: Burglary, Possession of Stolen Property, and Theft." Id.

Law-enforcement officials executed the Warrant on February 10, 2004. During the search of Butler's home, law enforcement officers seized 23 firearms including eight .22 caliber rifles. Law enforcement officials also opened drawers that were too small to hold rifles, but large enough to hold ammunition and proof of residency. Officers found lithium batteries, pseudoephedrine pills, a ziplock bag of crushed powder, and Wal-Mart receipts for tubing and Sudafed. Law-enforcement officials entered the unattached garage where they found evidence of a methamphetamine manufacturing lab.

On February 11, 2004, at 3:40 a.m., Brown County Sheriff Mike Norris filed a second Complaint for Search Warrant to search the garage for evidence of drug manufacturing. Motion, Exhibit D. Judge Lagoski then issued the second Warrant. Additional evidence of methamphetamine manufacturing was seized.

## ANALYSIS

4

Butler seeks to suppress all the evidence found in both the residence and the garage. He argues that the first Complaint was deficient in a number of respects. He argues that: (1) the Warrant did not sufficiently describe the location to be searched or the items to be seized; (2) the search went beyond the scope of the Warrant; and (3) Petty's affidavit did not set forth sufficient evidence to support a finding of probable cause for issuing the Warrant. He argues that the second Warrant was invalid because it was based on the illegal search performed under the first. He asks for an evidentiary hearing.

Butler argues first that the Warrant fails to describe the .22 caliber rifle with sufficient specificity. A warrant must describe the items to be seized with specificity. General descriptions may be used if detailed descriptions are not possible. United States v. Hall, 142 F.3d 988, 996 (7th Cir. 1998). In this case, the Government has submitted police reports of the theft. The reports state that Dehart reported the theft of an old .22 caliber rifle that he left in the back seat of his truck. He said that the rifle belonged to his father. He said that he did not know the model number or serial number. He described the weapon as a .22 caliber single shot rifle with brown wooden grips. Government's Response to Defendant's Motion

5

to Suppress (d/e 9), Exhibit 1. Given the limited information provided to officers from the victim of the theft, the description of the rifle in the Complaint and Warrant was sufficiently specific.

Butler also complains that the Warrant improperly sought the seizure of ammunition. He argues that no ammunition was stolen and so would not be contraband or evidence of the crime. The Court disagrees. When the item seized assumes an incriminating or suspicious nature in connection with the crime, the item can properly be seized. United States v. Van Dreel, 155 F.3d 902, 905 (7th Cir. 1998). In this case, the ammunition may be relevant evidence to show Butler's knowledge that he was in possession of the stolen weapon and also to show his intended use for the weapon. The intended use may be relevant for sentencing issues. See U.S.S.G. § 2K2.1. The Warrant properly sought ammunition as relevant evidence.

Butler complains that the Warrant improperly authorized officers to seize proof of residency. He argues that there is no basis to seek proof of residency because Butler was a licensed gun owner and so had a right to possess weapons even if stolen. This is incorrect. A gun license does not entitle a person to knowingly possess stolen property. Proof of his occupancy is relevant to prove possession of the stolen weapon and is

properly included in the search warrant. United States v. Reed, 726 F.2d 339 (7th Cir. 1984).[1]

Butler argues that the search went beyond the scope of the Warrant because the officers searched the garage. The Court disagrees. The Warrant described the property to be searched, as Larry Butler's "residence described as brown single story home with unattached garage." The description included the garage, and so the officers could properly search the garage. The fact that the officers sought a subsequent warrant did not change the scope of the first Warrant.

Butler argues the description of the residence was also insufficient. The Warrant authorized a search of the "property and persons of Larry Butler and his residence described . . . ." Butler argues that this language authorized officers to search the residence and any other real property Butler might have owned. The Court disagrees. In context, the Complaint and Warrant intended to describe Butler's residence with the garage. The description gave detailed directions to the residence and a detailed map.

---

[1] Butler complains that the inclusion of ammunition in the Warrant allowed officers to open drawers that were too small to hold rifles. The officers could have properly looked into the drawers, even if the Warrant did not list ammunition, because the officers could look in drawers for proof of residency.

The clear intent was to seek authority to search the one residence and garage located at the specific location in rural Brown County. The description of the location was sufficiently specific. The introductory reference to "property and persons of Larry Butler" referred to Butler's person and his personal property located at the residence, not other real property.

Butler also argues that the information in the Warrant was not sufficient to establish probable cause. In particular, Butler argues that there was not enough information given to corroborate the statements by the confidential source. The Court defers to the Warrant-issuing judge's determination of probable cause if there is substantial evidence in the record to support the decision. United States v. Koerth, 312 F.3d 862, 865 (7th Cir. 2002). When an affidavit was the only evidence presented to support a request for a warrant, a reviewing court should only consider the affidavit presented to the magistrate. Id. at 866. When the facts and circumstances submitted in the affidavit are derived from a confidential informant, the legitimacy of a probable clause determination turns on the informant's reliability, veracity and basis of knowledge. United States v. Olson, 408 F.3d 366, 370 (7th Cir. 2005). To assess credibility, the court considers

whether the informant: (1) had firsthand knowledge, (2) provided sufficient details, (3) relayed information which was subsequently corroborated, and (4) testified at a probable cause hearing. Id. The court can also consider the time interval between the informant's observation of events and the application for the warrant. Koerth, 312 F.3d at 866.

In this case, the Complaint failed to include substantial evidence to show the confidential source's reliability, veracity and basis of knowledge. The confidential source did not testify at a probable cause hearing so the magistrate did not have the opportunity to evaluate his demeanor. The confidential source stated that he observed the weapon at Butler's residence. He did not explain how he knew that the weapon he saw was the stolen rifle. Given the minimal description that the police officers had from Dehart, it is hard to understand how the confidential source knew that the particular .22 caliber rifle he saw was Dehart's stolen rifle. The confidential source also did not state when he saw the rifle at Butler's residence; the Complaint states that Petty learned the information within the prior three days, but does not state when the confidential source saw the rifle at Butler's residence. Thus, the magistrate did not know the age of the confidential source's information.

Finally, the affidavit does not state that the confidential source had personal knowledge regarding anything else that he reported. The affidavit states that the confidential source knew certain other facts, but does not state how he knew these facts. The confidential source, thus, provided a paucity of information based on personal knowledge and provided no time frame for his observations.

The confidential source's factual information also was not corroborated by other witnesses. The Government argues that the admissions of Taylor and the juvenile corroborated the confidential source's information. Taylor and the juvenile corroborated that Dehart's rifle had been stolen, but Dehart had already reported the rifle stolen, so the officers already knew that fact. Taylor and the juvenile corroborate no other statement by the confidential source. Neither Taylor nor the juvenile said anything about what happened to the weapon after it was stolen. Neither said that Butler acquired the rifle. The confidential source said nothing about how Butler acquired the rifle. There is no overlap in the factual statements of these witnesses.

Petty also stated in the affidavit that: (1) law enforcement officers had received information that Butler's residence had been used within the past

year to manufacture methamphetamine and armed guards were present at those times, and (2) the confidential source had provided reliable information in the past. The information about methamphetamine manufacturing did not directly relate to the possible possession of a stolen rifle. The information about methamphetamine manufacturing also was not clearly recent; Petty said that the manufacturing had occurred some time during the previous year. Petty stated that the confidential source had provided reliable information in the past about felony activity and that information had been corroborated by other sources, but Petty did not give the time frame for that earlier information or any details about any investigation in which the source's information proved to be reliable. Cf. United States v. Reddrick, 90 F.3d 1276, 1280 (7th Cir. 1996) (officer testified before the magistrate that the informant cooperated in three controlled drug buys at the location sought to be searched for drugs). When read together, the information in the Complaint, including Petty's affidavit, did not provide substantial evidence to conclude that the confidential source was reliable. Therefore, the magistrate's finding of probable cause was not supported by substantial evidence.

Because the Complaint did not support a finding of probable cause,

the Government must present evidence that the officers acted in good faith in relying on the Warrant. United States v. Leon, 468 U.S. 897, 924 (1984). The fact that the officers presented the Complaint to the judge is prima facie evidence that the officers were acting in good faith. Koerth, 312 F.3d at 868. Butler must present evidence to rebut this prima facie showing. Butler may do so by showing: (1) that the magistrate wholly abandoned her judicial role and acted as a mere rubber stamp for law enforcement; or (2) that the officers submitted an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon, 468 U.S. at 923 (quoting Brown v. Illinois, 422 U.S. 590, 610-11 (1975) (Powell, J. concurring in part)). Butler makes no claim that the magistrate was a rubber stamp. Thus, the issue is whether the officers' reliance on the affidavit in the Complaint was unreasonable.

An officer's good faith reliance is evaluated in light of clearly established legal principles in existence at the time. To rebut the prima facie showing of good faith, the defendant must show that:

> (1) courts have clearly held that a materially similar affidavit previously failed to establish probable cause under facts that were indistinguishable from those presented in the case at hand; or (2) the affidavit is so plainly deficient that any reasonably well-trained officer "would have known that his affidavit failed

12

>to establish probable cause and that he should not have applied for the warrant."

Koerth, 312 F.3d at 869 (quoting Malley v. Briggs, 475 U.S. 335, 345 (1986)).

The Defendant has failed to present any controlling authority that has held that a materially similar affidavit failed to establish probable cause. The authority cited by Defendant generally involved cases in which the affidavit contained no information about the past reliability of the informant. E.g., Koerth, 312 F.3d at 867 (affidavit only gave the name of the informant and stated that he "is believed to be a reliable source."). In the one case cited by Butler, the affidavit supporting the warrant application contained some information about past reliability that the reviewing court found to be conclusory and worthy of only slight weight. United States v. Miller, 753 F.2d 1475, 1480 (9th Cir. 1985). The court in Miller, however, concluded under all the circumstances that the affidavit supported a finding of probable cause to justify the issuance of the warrant. Id. at 1480-81. Thus, the Miller opinion did not clearly establish that general statements about past reliability, similar to those made here, could not support a

finding of probable cause.[2]

Here, Petty did more than just aver that the confidential source "is believed to be reliable." Petty stated that the confidential source had "provided other information involving felony activity which has been validated by law enforcement reports, previous investigations, and other confidential information we have received." Petty further stated "[t]hat his information has lead [sic] to the conclusion of active investigations." Complaint at 2. These statements were too general, when considered with all of the other information presented by Petty, to support a finding of probable cause, but the statements provided some information on the past reliability of the confidential source. A reasonable officer could conclude that the information provided was sufficient to support a finding that the confidential source was reliable and that the source's information would support a finding of probable cause. The Defendant, therefore, has failed to rebut the Government's prima facie showing that the officers relied in good faith on the facially valid Warrant. Since the evidence seized pursuant to the first Warrant is admissible, the second Complaint and Warrant based

---

[2]The Miller opinion is also only persuasive authority. Butler states that no Seventh Circuit case had addressed the weight to be given the type of information the confidential source previously provided to Petty in this case. Motion at 9.

14

on that evidence are also valid, and the evidence seized pursuant to the second Warrant is admissible. The Motion is, therefore, denied.

Butler also asks for an evidentiary hearing. The Court sees no need for a hearing. The validity of the Warrant turns on the contents of the affidavit presented to the magistrate. Koerth, 312 F.3d at 866. No hearing is needed to evaluate the affidavit. The issue of good faith turns on the existence of clearly established legal principles at the time that the officers sought the Warrant. Id. at 869. There is no need for a hearing to make this determination either. The request for a hearing is denied.

THEREFORE, Defendant's Motion to Suppress Evidence Seized Pursuant to a Warrant (d/e 6) (Motion) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: May 9, 2006.

    FOR THE COURT:

                                                 s/ Jeanne E. Scott
                                                JEANNE E. SCOTT
                                  UNITED STATES DISTRICT JUDGE