IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30105 |
| | ) | |
| LARRY BUTLER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant's Motion in Limine Pursuant to Fed. R. Evid. 403 and 404 (d/e 12).  For the reasons set forth below, the Motion is ALLOWED in part.

Butler is charged in a three-count Indictment with Conspiracy to Manufacture Methamphetamine, in violation of 21 U.S.C. §§ 846 and 842(a)(1) (Count 1), Possession of a Controlled Substance- Methamphetamine- with the Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 2), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). Indictment (d/e 1).  The Indictment alleges that the conspiracy occurred

1

from December 2003, through at least February 11, 2004.  <u>Indictment</u>, Count 1, ¶ 1.  The possession of the methamphetamine and the possession of the firearm are alleged to have occurred on February 11, 2004.  <u>Indictment</u>, Count 2, ¶ 1 & Count 3.

Butler asks the Court to preclude the Government from presenting evidence: (1) of a fire that occurred on Butler's property in which several people died; and (2) that Butler distributed methamphetamine to a confidential informant while Butler was on bail and subject to charges in state criminal proceedings based on the same conduct underlying the offense alleged in the Indictment.  The Government has no objection to the request to prohibit evidence of the fire.  That portion of the Motion is allowed.

The Government, however, intends to present evidence from two confidential informants regarding Butler's distribution of methamphetamine while Butler was on bail in the state court matter.  The Government intends to introduce this evidence to prove Butler's intent, knowledge, identity or absence of mistake.  The Government represents that at least one of these informants will testify that Butler: (1) gave the informant methamphetamine, (2) smoked methamphetamine in the informant's presence, (3) possessed approximately two grams of methamphetamine at

2

the time, and (4) advised the informant that he anticipated being in possession of anhydrous ammonia in the next several days and would contact the informant at that time to transfer an amount of the anhydrous ammonia to the informant. The Government also intends to offer into evidence audio and video tape recordings of conversations between the informants and Butler regarding these matters. <u>Government's Response to Defendant's Motion in Limine (d/e 17) (Response to Motion)</u> at 3.

Evidence of other crimes or bad acts not alleged in the Indictment is admissible if the evidence: (1) is relevant to a matter other than the Defendant's propensity to commit a crime, (2) is similar and close enough in time to be relevant to the matter at issue, (3) is sufficient to support a jury finding that the Defendant committed the similar act, and (4) has probative value that is not substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 404(b); <u>United States v. Knox</u>, 301 F.3d 616, 619 (7th Cir. 2002).

In this case, the proffered evidence is relevant to prove intent, knowledge, identity or absence of mistake. The crimes charged in Counts 1 and 2 are specific intent crimes. <u>United States v. Brown</u>, 34 F.3d 569, 573 (7th Cir. 1994). Thus, Butler's knowledge of whether a substance is

methamphetamine, his knowledge of the process to manufacture methamphetamine and his knowledge of the precursor chemicals needed in the manufacturing process is relevant to prove his specific intent and to eliminate the possibility of mistake. The evidence of the incidents with the informants is clearly relevant to prove these issues.

The evidence is also similar to the matters at issue and relatively close in time. Butler states that the incidents with the informants occurred within months of the arrest on which the Indictment is based. Response to Motion at 2. The incidents clearly involved both distribution of methamphetamine and discussions about plans to distribute the precursor chemical, anhydrous ammonia, necessary to manufacture more methamphetamine.

The testimony of the informants, and the tape recordings, as described by the parties, would be sufficient to support a finding of guilt. Butler notes that the alleged distribution to the informant was gratuitous. Response to Motion at 2. That is irrelevant. The crimes of possession with intent to distribute, or conspiracy to manufacture do not require proof of a profit motive. 21 U.S.C. §§ 841 (a)(1), 846.

At this point, the probative value appears to outweigh the possible

4

prejudice. The Seventh Circuit has consistently found that evidence of other drug transactions is admissible to prove intent. United States v. Knox, 301 F.3d at 619. The Court further may avoid the risk of prejudice by giving a limiting instruction to the jury at trial. Id. Either party may propose such an instruction to be given at trial.

Butler argues that the evidence will be cumulative. The Court has no basis at this time to find that the proposed evidence is cumulative. Butler may renew this objection at trial if he believes that the other evidence actually presented to the jury renders this evidence cumulative.

Butler also argues that admission of the evidence, "on the uncharged controlled delivery while on bail would interfere with Defendant's right to remain silent in a case where the Government has enough evidence to charge him but has not done so." Defendant's Motion at 2. Butler cites no authority for this proposition, and the Court does not see how Butler's right against self-incrimination is implicated. His constitutional rights could be implicated if the informants, at the direction of state officials, deliberately elicited a confession to the charges that were then pending in state court. See Massiah v. United States, 377 U.S. 201, 204-06 (1964). Neither party, however, indicates that the proposed evidence concerns a confession to the

offenses charged in the state court proceeding. Rather, the evidence concerns separate, distinct wrongful acts that are relevant to prove elements of the crimes charged in the Indictment. The Court sees no threat of a violation of Butler's right against self-incrimination. Should Butler have authority to the contrary, he may present it to the Court.

At this point, the evidence described by the parties appears to be relevant and admissible. This aspect of the Motion in Limine is therefore denied. Butler may renew the Motion at trial, however, if he believes, as the trial unfolds, that evidence is inadmissible.

THEREFORE, Defendant's Motion in Limine Pursuant to Fed. R. Evid. 403 and 404 (d/e 12) is ALLOWED in part. The Government is precluded from presenting evidence that a fire occurred in which several people died at Butler's property. The Court denies the Defendant's request to preclude the Government at this time from presenting evidence that Butler gave a small amount of methamphetamine to a confidential informant while Butler was on bail for the offense in this case while it was pending in state court. This denial is without prejudice to Butler renewing this objection at trial. Either party may also propose a limiting instruction.

IT IS THEREFORE SO ORDERED.

ENTER: August 4, 2006.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE