UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30105 |
| | ) | |
| LARRY BUTLER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defense Counsel's Motion to Determine Competency to Stand Trial (d/e 19).  Defendant is charged with conspiracy to manufacture a controlled substance (methamphetamine), possession of a controlled substance (methamphetamine) and possession of a firearm in furtherance of a drug trafficking crime.

This matter came on for hearing on August 26, 2006, at which time counsel for Defendant advised the Court that the Defendant was currently suffering from a serious depression, that he refused to take his prescribed medication for a heart condition and insulin for diabetes, and that he appeared agitated, confused, and unable to understand the advice of counsel

or to assist counsel in his defense. The mental competency of the Defendant to stand trial had, therefore, become an issue. The Government advised the Court that it had no objection to Defendant's Motion for Medical Examination.

IT IS, THEREFORE, ORDERED that Defendant be committed to the custody of the Attorney General for a reasonable period, not to exceed thirty (30) days; that the Defendant be transferred to a medical facility within the Bureau of Prisons for the purpose of a complete examination of the Defendant's mental condition to determine the Defendant's competency to stand trial in this cause pursuant to 18 U.S.C. §§4241 and 4247. The psychiatric or psychological report ordered shall provide, pursuant to 18 U.S.C. §4247(c)(1-4), the Defendant's history and present symptoms; a description of the psychiatric, psychological, and medical tests that were employed and their results; the examiner's findings; and the examiner's opinions as to diagnosis, prognosis, and whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Such report shall be filed with the Court with copies provided to Defense Counsel and

the Assistant United States Attorney assigned to this case.

IT IS FURTHER ORDERED that the Newman Clinic, c/o Blessing Hospital, P.O. Box 7005, Quincy, Illinois 62305 and Dr. Korhan Raif, 868 Mortimer, Barry, Illinois 62312, shall provide Defense Attorney Jesse Gilsdorf, 111 S. Capitol St., Mt. Sterling, IL 62353, any and all records in their possession related to their previous treatment, in-patient or out-patient, of the Defendant for any mental condition.  The Court notes for the benefit of the medical providers that the Defendant agreed, on the hearing record, to the release of his records to the Bureau of Prisons Medical Facility for use in evaluating his current condition.  Attorney Gilsdorf is directed to forward the medical records to the Bureau of Prisons Medical Facility once Defendant has been assigned to a facility.

IT IS FURTHER ORDERED that the trial in this case be continued until December 5, 2006, at 9:00 a.m., with the specific finding, pursuant to 18 U.S.C. §3161(h)(1)(A), that any period of delay resulting from this examination is excludable for purposes of the Speedy Trial Act and that the ends of justice served by granting this continuance outweigh the best interest of the public and the Defendant in a speedy trial pursuant to 18 U.S.C. §3161(h)(8).

IT IS THEREFORE SO ORDERED.

ENTER: August 30, 2006.

    FOR THE COURT:

                                  s/ Jeanne E. Scott
                                JEANNE E. SCOTT
                UNITED STATES DISTRICT JUDGE